## Ex Parte Lizardi.

### Application for a Writ of Habeas Corpus.

No. 35.—Decided August 18, 1894.

Information—Dismissal of the Same.—The defendant ought to move for a dismissal of the prosecution in the lower court in the cases specified in section 448 of the Code of Criminal Procedure.

Id.—Habeas Corpus.—*Habeas corpus* proceedings cannot be invoked for the purpose of obtaining a dismissal of the information and the discharge of the prisoner based upon any of the subdivisions of section 448 of the Code of Criminal Procedure.

The application was presented to Justice Hernández in his office.

#### STATEMENT OF THE CASE.

In the criminal prosecution instituted in the District Court of Humacao against Manuel Lizardi for the crime of embezzlement, he was sentenced by judgment of 23d of last year *(sic)* to serve three years in the penitentiary, and an appeal from said judgment having been taken, he was permitted to furnish bail in the sum of $5,000, his sureties being Laureano Martínez, Silvero Castillo Rosario and José Y. Esterás, who bound themselves to surrender Lizardi for the fulfillment of the judgment, if affirmed or modified; and in case said judgment was reversed, or a new trial ordered, to cause him to appear before the court to which the case was submitted.

While Lizardi was at liberty under said bail, his sureties, on January 19, last, delivered to the warden of the Humacao jail a copy of the bail-bond furnished by them in order that said Lizardi might again be detained. This was done on the same day, he being removed on the 15th of February following to the San Juan jail by order of the director of prisons, and is still confined in said jail under the custody of the

warden thereof, who has in his possession a copy of the bail-bond.

This Supreme Court, on May 18, last, reversed the judgment appealed from, and ordered that the case be returned to the Humacao court for a new trial, or such other action as may be authorized by law.

Attorney Juan R. Ramos, on behalf of Manuel Lizardi, has had recourse to a writ of *habeas corpus* for the discharge of said Lizardi, because more than sixty days had elapsed without a new information having been filed against him, invoking as legal grounds in support of his contention, sections 11 and 448, paragraph 1, of the Code of Criminal Procedure, and paragraphs 1 and 2 of section. 483 of the same Code.

Counsel for Lizardi has presented a copy of a petition which he declares was addressed by him to the Humacao court on the 9th of June last, asking that the case be dismissed and that said Lizardi be forthwith discharged, on which petition no action has been taken.

*Mr. Juan R. Ramos,* for petitioner.

*Mr. del Toro, Fiscal,* for the People.

Mr. Justice Hernández, after making the above statement of facts, delivered the following opinion:

Section 448 of the Code of Criminal Procedure vests the court of original jurisdiction with power to order the prosecution to be dismissed in cases where the information against the defendant has not been filed within sixty days after his detention, or where he has not been brought to trial within one hundred and twenty days after the filing of the information, unless good cause to the contrary is shown; and, therefore, such power is discretionary, and in the exercise thereof the interests of justice and the rights of the defendant must be reconciled.

For the reasons above set forth, if the defendant Lizardi believes that he is entitled to have the case dismissed which

gave rise to his imprisonment, he should, for that purpose, have filed the proper motion in the District Court of Humacao, citing the section of the Code of Criminal Procedure which he believes favors him, without there being any necessity to apply for a writ of *habeas corpus*.

Hence the application for a writ of *habeas corpus* is not comprised, as alleged, in paragraphs 1 and 2 of section 483 of the Code of Criminal Procedure.

In view of the decision rendered by this Supreme Court on December 7, 1903, in the appeal taken by the prisoner Antonio Torres, from the order of the presiding judge of the District Court of Ponce, who denied an application for the discharge of Torres, the release from jail sought by Manuel Lizardi is denied, and he is ordered to continue in the custody of the warden of the San Juan jail.